ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| TranLogistics LLC | )  ASBCA No. 61574 |
| | ) |
| Under Contract No. M27100-17-P-6012 | ) |

APPEARANCES FOR THE APPELLANT:      Ross Watzman, Esq.
        Eric Whytsell, Esq.
         Jackson Kelly PLLC
         Denver, CO

APPEARANCES FOR THE GOVERNMENT:      Craig D. Jensen, Esq.
         Navy Chief Trial Attorney
        Maj John E. Buis, USMC
         Associate Counsel
         Eastern Area Counsel Office
         Camp Lejeune, NC

OPINION BY ADMINISTRATIVE JUDGE KINNER

The parties chose to proceed pursuant to the expedited procedures of Board Rule 12.2,* submitting a brief in lieu of a hearing. Appellant's brief was filed August 7, 2018. The government's brief was filed August 14, 2018. Appellant's reply was filed August 17, 2018.

Appellant, TranLogistics LLC, claims entitlement to $16,182.50 for its alleged extra costs incurred on a contract with the Marine Corps to move four ammunition lockers from an air base in Honduras to locations in Honduras, Guatemala, Belize and El Salvador. The lockers for Guatemala and Belize were delayed at the border until the last day of contract performance. The locker for El Salvador was not delivered because the contract expired prior to TranLogistics receiving the necessary customs documentation. The Marines contend that TranLogistics is responsible for the delays because section 3.2 of the contract required TranLogistics to provide a customs broker to facilitate·the transition of the cargo to the final destination (R4, tab 1 at 6). Contrary to section 3.2, the Marines consistently demonstrated an understanding that customs documentation was supplied by the government (R4, tabs 4, 5; app. br., exs. 8, 14). The contracting officer interpreted the customs services as TranLogistics does, expecting the government to provide documents (app. br., exs. 5, 7), including the

_____

* A decision under Rule 12.2 shall have no value as precedent, and in the absence of
    fraud, shall be final and conclusive and may not be appealed or set aside.

critical tax exoneration forms (app. br., ex. 12), prepared by United States embassy personnel (app. br., ex. 7 at 178, exs. 12, 14 at 81). There is no evidence that the Marines partially terminated the contract for convenience or ordered TranLogistics to stop work (app. br., ex. 19 at 163, 167). There is insufficient evidence to show the government provided customs documentation in its prior contracts (app. br., ex. 1 at 473-75).

The parties' conduct during contract performance is consistent with an alternative meaning of section 3.2, that the Marines provide tax exempt documents to TranLogistics. RESTATEMENT (SECOND) CONTRACTS § 223 cmt. b; *see also Sperry Flight Sys. v. United States,* 548 F.2d 915, 923 (Ct. Cl. 1977). Moreover, TranLogistics relied upon the Marines for the necessary documents without knowing the Marines would refuse to assist delivery to El Salvador, which establishes estoppel as well. *Mabus v. Gen. Dynamics C4 Sys., Inc.,* 633 F.3d 1356, 1359 (Fed. Cir. 2011).

The delays claimed by TranLogistics due to a strike, a power failure, and a computer system failure (app. br., ex. 15 at 85, ex. 17 at 149); and five days of delay at the border in Belize and demurrage charges of $2,188 per day (app. br., ex. 17 at 152), are excusable but not compensable. *IAP Worldwide Services, Inc.,* ASBCA No. 59397 *et al.,* 17-1 BCA ¶ 36,763 at 179,158. The shipment to Belize was also delayed because TranLogistics was unaware of a required document held by the government office that processes tax exemption documents (app. br., ex. 16 at 87). TranLogistics fails to segregate the costs of time, trucks, and the demurrage charges for this compensable delay. Without direct proof of the amounts TranLogistics incurred from compensable delay, it cannot recover. *Joseph Pickard's Sons Co. v. United States,* 532 F.2d 739, 742 (Ct. Cl. 1976).

The improper assertion by TranLogistics that it would not continue transport without a modification to increase the contract price did not introduce further delay (R4, tab 9; app. br., ex. 17 at 149). However, the government failed to recognize the contract should be extended by the days of excusable delay. Because TranLogistics would have completed delivery to El Salvador and earned the full contract price, $11,115.00, TranLogistics is entitled to the balance of $2,329.50, plus interest under 41 U.S.C. § 7109 from November 9, 2017, the date the contract officer received the claim.

Dated: August 29, 2018

DONALD E. KINNER
Administrative Judge
Armed Services Board
of Contract Appeals

2

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61574, Appeal of TranLogistics LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals